IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2089-FL

| | | |
|---|---|---|
| SAMUEL BRAXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEE SMITH, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

Petitioner pled guilty in the United States District Court for the District of Maryland to conspiracy to distribute and possess with intent to distribute phencyclidine, cocaine base, and heroin. United States v. Braxton, No. 8:12-CR-86-RWT-2 (D. Md. September 24, 2012). On April 1, 2013 he was sentenced to a term of 324 months imprisonment. Id. (D.E. 305). Petitioner appealed, and his appeal was dismissed by the Fourth Circuit on July 3, 2014. Id. (D.E. 311, 400). On November 24, 2014, petitioner filed a motion to vacate, correct, or modify his sentence pursuant to 28 U.S.C. § 2255. Id. (D.E. 425). Petitioner's § 2255 motion was denied, and the Fourth Circuit affirmed this denial. United States v. Braxton, 631 F. App'x 161 (4th Cir. 2016). Petitioner then filed a motion

to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Braxton, No. 8:12- CR-86-RWT-2 (D. Md. April 27, 2017). This motion was allowed, and petitioner's term of incarceration was reduced to 291 months. Id. (D.E. 492, 493).

On April 27, 2017, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing that his sentencing is illegal under Mathis v. United States, 133 S.Ct. 2243 (2016).[1]

## COURT'S DISCUSSION

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." Id. at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §

---

[1] In Mathis, the Supreme Court explained that a sentencing court generally must look only to the elements of the offense, not the facts, to determine whether a prior offense qualifies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), as a predicate offense. Mathis, 136 S. Ct. at 2257.

2

> 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

Here, petitioner is unable to meet the second prong of the Jones test because he has not alleged that the conduct for which he was convicted is no longer criminal. Moreover, Mathis is not a new rule of law applicable retroactively on collateral review. See, e.g., Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); Dawkins v. United States, 829 F. 3d 549, 551 (7th Cir. 2016) (holding Mathis did not announce a new rule of constitutional law made retroactive by the Supreme Court); United States v. Taylor, 672 Fed. Appx. 860, 2016 WL 7093905, at *4 (10th Cir. 2016) (Mathis did not announce a new rule of law); Adams v. United States, 2017 WL 1040346 at *3 (D. Maine 2017) (Mathis does not apply retroactively as it did not announce a new substantive rule applicable to cases on collateral review); Blackwell v. United States, 2016 WL 5849384, at *4-5 (W.D.Va. 2016) (Mathis did not announce a newly recognized constitutional right). Petitioner's reliance on Mathis does not aid him in fulfilling the Jones requirements, which is a necessary prerequisite to demonstrate whether relief under § 2241, through § 2255(e)'s savings clause, is appropriate. Mathis, 136 S. Ct. at 2257; Shealey v. Mosely, No. CV 4:17-1653-JFA-TER, 2017 WL 3773143, at *3 (D.S.C. July 20, 2017), report and recommendation adopted, No. CV 4:17-1653-JFA, 2017 WL 3730559 (D.S.C. Aug. 30, 2017). Because petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, he may not proceed on his § 2241 claim.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously filed such a petition. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner does not allege that he has obtained such certification. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

After reviewing the claims presented in the habeas petition in the light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

In summary, the court DISMISSES this action without prejudice. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 10th day of October, 2017.

LOUISE W. FLANAGAN
United States District Judge